IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CHAD TEAGUE, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. C-05-271 |
| § | |
| ADVANTAGE NURSING SERVICES, § | |
| INC., § | |
| § | |
| Defendant. § | |

## ORDER OF TRANSFER

On this day came on to be considered Defendant's Motion to Transfer Venue. For the reasons discussed below, the Motion to Transfer Venue is GRANTED. The Clerk is ORDERED to transfer this action pursuant to 28 U.S.C. § 1404 to the San Antonio Division of the Western District of Texas.

### I.  Background

Defendant operates a nursing agency which fills staffing needs for medical providers. (Cousins Decl. ¶ 2.) Defendant, a Louisiana corporation with its headquarters in New Orleans, maintains offices in San Antonio and Houston, among other cities. (Cousins Decl. ¶ 2.) Defendant has no offices, employees or clients in any city or area within the Corpus Christi Division of the Southern District of Texas. (Cousins Decl. ¶ 3.)

Plaintiff is a licensed vocational nurse who was employed by Defendant from May 2002 until March 2004. (Cousins Decl. ¶ 4.)

From May 2002 until December 2003, Plaintiff was given work assignments by Defendant's Houston office to hospitals in the Houston area. (Cousins Decl. ¶ 5.) In December 2003, Plaintiff asked to receive his work assignments from Defendant's San Antonio office. (Cousins Decl. ¶ 5.) Thereafter, from December 2003 until March 2004, Plaintiff was given work assignments by Defendant's San Antonio office to hospitals in the San Antonio area. (Cousins Decl. ¶ 5.) Plaintiff's nursing vocation license lists both a San Antonio and Houston address; his driver's license lists a San Antonio address; and his employment application with Defendant lists a Houston address. (Cousins Decl. ¶ 8.)

In December 2003, around the time Plaintiff requested the transfer to San Antonio, Plaintiff was diagnosed as being infected with the human immunodeficiency virus ("HIV"). (Compl. ¶ 4.05.) After Plaintiff informed employees of Defendant of his diagnosis (and while Plaintiff was working for Defendant in San Antonio), Defendant's Director of Nursing, Gary Cousins, asked Plaintiff if the company could disclose Plaintiff's HIV status to the clients for whom Plaintiff worked. (Cousins Decl. ¶ 7.) Plaintiff refused this request. (Compl. ¶ 4.06.) In March 2004, while Plaintiff was working on assignment in San Antonio, Mr. Cousins informed Plaintiff that his employment was terminated. (Teague Decl. ¶ 7.)

On March 14, 2005, after receiving a Right to Sue letter from the Equal Employment Opportunity Commission, Plaintiff filed the

instant action in state court in Live Oak County, Texas.  Plaintiff alleges that the Defendant discharged Plaintiff in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112, and the Texas Labor Code § 21.051.  On June 1, 2005, Defendant removed the action to this Court, alleging federal-question jurisdiction.

On June 20, 2005, Defendant moved to transfer the action pursuant to 42 U.S.C. § 1404(a) to either the San Antonio Division of the Western District of Texas or the Houston Division of the Southern District of Texas.  Plaintiff opposes the Motion.

## II. Discussion

Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).  The decision of whether to grant a § 1404 transfer is committed to the discretion of the district court, although there are a number of principles which guide the exercise of this discretion. See In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) ("Volkswagen"); Peteet v. Dow Chem. Co., 868 F.2d 1428, 1436 (5th Cir. 1989).

"In applying the provisions of § 1404(a), ... the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." Volkswagen, 371 F.3d at 203.  Here, there

is no dispute that this case could have been brought either in the San Antonio Division or the Houston Division.  Specifically, the special venue provision for employment discrimination suits provides:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3); see also In re Horseshoe Entm't, 337 F.3d 429, 432-33 (5th Cir. 2003) (ADA case).  Here, "the unlawful employment practice is alleged to have been committed" in San Antonio, and "but for the alleged unlawful employment practice," Plaintiff would have worked in San Antonio or Houston.  Therefore, venue would be proper in either San Antonio or Houston.

The next step in the § 1404(a) analysis requires the Court to consider the elements specifically enumerated in the statute: "the convenience of parties and witnesses," and "the interest of justice."  See Volkswagen, 371 F.3d at 203.  "The determination of 'convenience' turns on a number of private and public interest factors, none of which are given dispositive weight."  Id. (citations omitted).  The private concerns include:

>   (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

Id. (citation omitted).  The public concerns include:

>   (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

Id. (citation omitted).  A court should also consider the plaintiff's choice of forum, "but in and of itself it is neither conclusive nor determinative."  In re Horseshoe Entm't, 337 F.3d at 434.

In an employment discrimination case, a court must also consider the three factors expressly mentioned in the venue statute: (1) where "the unlawful employment practice is alleged to have been committed," (2) where "the employment records relevant to such practice are maintained and administered," and (3) where "the aggrieved person would have worked but for the alleged unlawful employment practice."  42 U.S.C. § 2000e-5(f)(3); In re Horseshoe Entm't, 337 F.3d at 434-35.

One factor which may not be considered is the location and convenience of counsel.  See Volkswagen, 371 F.3d at 206; see also In re Horseshoe Entm't, 337 F.3d at 434 ("The factor of 'location

of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue.").

In this case, as outlined above, the alleged unlawful employment practice is alleged to have been committed primarily in San Antonio (which is where Plaintiff worked after being diagnosed with HIV). Had the alleged unlawful employment practice not been committed, Plaintiff presumably would still be working in San Antonio, or perhaps Houston. Although the parties have not directly addressed the issue in their evidentiary submissions, it appears that the employment records related to Plaintiff's employment are maintained in Defendant's offices in San Antonio, Houston and/or New Orleans. All of these factors weigh in favor of transferring the case to San Antonio or, to a lesser extent, to Houston.

Since all relevant events occurred in San Antonio, Houston and/or New Orleans, it is a fair assumption that most potential witnesses will hail from those areas. However, the parties did not submit evidence on this issue, so the Court will not consider it as weighing either for or against transfer.

Turning to the "public" factors, in Volkswagen, the Fifth Circuit emphasized the importance of the factor of "the local interest in having localized interests decided at home":

> The Supreme Court has determined that '[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.'

> Plaintiffs have failed to demonstrate and the Eastern District Court has failed to explain how the citizens of the Eastern District of Texas, where there is no factual connection with the events of this case, have more of a localized interest in adjudicating this proceeding than the citizens of the Western District of Texas, where the accident occurred and where the entirety of the witnesses for the third-party complaint can be located.  Arguably, if Plaintiffs had alleged that the Volkswagen vehicle was purchased from a Volkswagen dealer in Marshall, Texas, the people of that community might have had some relation, although attenuated, to this litigation; but as it stands, there is absolutely nothing in this record to indicate that the people of Marshall, or even the Eastern District of Texas, have any meaningful connection or relationship with the circumstances of these claims.

<u>Volkswagen</u>, 371 F.3d at 206 (quoting <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 508-09 (1947)).

Similarly, in this case, Plaintiff has failed show how Corpus Christi has any connection or relationship to the claims in this case.  Plaintiff never worked in the Corpus Christi Division, none of the alleged acts of discrimination occurred in the Corpus Christi Division, and Defendant has no presence in the Corpus Christi Division.  <u>Volkswagen</u> and <u>Gulf Oil</u> teach that in such circumstances, the burden of jury duty should not be borne by the people of Corpus Christi.  Therefore the Court finds that the public factor of "the local interest in having localized interests decided at home" weighs heavily in favor of transfer.

The remaining public factors are neutral.  Most notably, the federal courts in San Antonio, Houston and Corpus Christi are all busy and are all familiar with applying Texas law.

The sole factor weighing against transfer is that Plaintiff chose to file suit in the Corpus Christi Division, apparently because after being discharged from Defendant, Plaintiff moved to Live Oak County, Texas. According to Plaintiff, his home in Live Oak County is 60 miles from Corpus Christi, 85 miles from San Antonio and 200 miles from Houston. (Pl.'s Mem. Opp'n Def.'s Mot. Transfer at 4.) Although the difference between a 60-mile journey and a 200-mile journey is significant, the difference between Plaintiff's 60-mile journey to Corpus Christi and his 85-mile journey to San Antonio is far less significant. Cf. Volkswagen, 371 F.3d at 204-05 ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience ... increases in direct relationship to the additional distance to be traveled."). Thus, the factor of Plaintiff's choice of forum weighs against transfer, but less so in the case of transfer to San Antonio.

Other than Plaintiff's current residence, this case's only other connection to this forum is Plaintiff's counsel, who is located in Corpus Christi. However, "[t]he factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue." In re Horseshoe Entm't, 337 F.3d at 434. Hence, the Court cannot consider the fact that Plaintiff's counsel is based in Corpus Christi.

When balancing all of the appropriate and relevant factors, the Court finds that this action should be transferred to the San Antonio Division, which is where the bulk of the events giving rise to the suit occurred, where the Defendant maintains an office, and relatively close to Plaintiff's residence.

**IV. Conclusion**

For the reasons stated above, the Motion to Transfer Venue is GRANTED.  The Clerk is hereby ORDERED to transfer this action pursuant to 28 U.S.C. § 1404 to the San Antonio Division of the Western District of Texas.

SIGNED and ENTERED this 14th day of July, 2005.

_____
Janis Graham Jack
United States District Judge